Christopher M. Davis, WSBA No. 23234
Maridith E. Ramsey, WSBA No. 46266
Davis Law Group, P.S.
2101 Fourth Ave., Ste. 1030
Seattle, WA 98121
Tel: (206) 727-4000
chris@davislawgroupseattle.com
maridith@davislawgroupseattle.com
*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE WESTERN DISTRICT OF WASHINGTON - SEATTLE

| | |
|---|---|
| CHARLES J. VERKIST and LORI J. VERKIST, individually and the marital community composed thereof,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA, a governmental entity; GEORGE W. RUTTEN and JANE DOE RUTTEN, individually and the marital community composed thereoff,<br><br>Defendants. | NO.<br><br>COMPLAINT FOR DAMAGES |

COMES NOW Plaintiffs against the above-named Defendants, and state and allege as follows:

///

///

COMPLAINT FOR DAMAGES
PAGE - 1

DAVIS LAW GROUP, P.S.
2101 FOURTH AVENUE, SUITE 1030
SEATTLE, WASHINGTON 98121
(206) 727-4000

### I.   PARTIES & JURISDICTION

1.1   Plaintiffs Charles J. Verkist and Lori J. Verkist are now, and were at all relevant times hereinafter alleged, residents of Whatcom County in the State of Washington.

1.2   Defendant George W. Rutten is now believed to be, and was at all relevant times hereinafter alleged, a resident of Whatcom County in the State of Washington. If this Defendant is married, his acts and omissions hereinafter described were for and on behalf of his marital community. Defendant George W. Rutten is now believed to have been an employee of a federal agency, Immigration & Customs Enforcement, on November 28, 2018.

1.3   Plaintiffs served Immigration & Customs Enforcement with the claim within two years of November 28, 2018 as required by 28 U.S.C. §2401 and 28 U.S.C. §2675.

1.4   More than six (6) months have elapsed and no response to Plaintiffs' claims have ever been received.

1.5   Neither has the relevant federal agency confirmed whether Defendant George W. Rutten was acting within the scope of his employment with Immigration & Customs Enforcement at the time of the subject collision.

1.6   All acts and omissions alleged to have occurred herein took place in Whatcom County, in the Western District of Washington. The federal district court in the Western District of Washington is therefore a proper venue for this action as set forth in 28 U.S.C. 1336(b).

///

///

///

COMPLAINT FOR DAMAGES
PAGE - 2

DAVIS LAW GROUP, P.S.
2101 FOURTH AVENUE, SUITE 1030
SEATTLE, WASHINGTON 98121
(206) 727-4000

## II.   FACTS

2.1   On or about November 28, 2018 at approximately 10:02 A.M., Plaintiff Charles J. Verkist and Defendant George W. Rutten were operating automobiles in Whatcom County, Washington.

2.2   Plaintiff Charles J. Verkist was traveling northbound on Meridian Street in Bellingham, WA.

2.3   Defendant George W. Rutten's vehicle was following directly behind Plaintiff's vehicle on Meridian Street.

2.4   Plaintiff Charles J. Verkist came to a stop at the intersection of Meridian Street and Kellogg Street.

2.5   Suddenly and without warning, Plaintiff Charles J. Verkist's vehicle was struck from behind by the vehicle being driven by Defendant George W. Rutten.

2.6   Plaintiffs sustained bodily injuries and other damages as a result of the collision.

## III.   CAUSE OF ACTION--NEGLIGENCE

3.1   Plaintiffs re-allege the allegations contained in Sections I through II, and incorporate them as though fully set forth herein.

3.2   Defendant George W. Rutten owed Plaintiff a duty of care and a duty to act reasonably.

3.3   Defendant George W. Rutten breached his duty of care and his duty to act reasonably by, among other things, failing to maintain a proper lookout while operating a motor vehicle.

COMPLAINT FOR DAMAGES
PAGE - 3

DAVIS LAW GROUP, P.S.
2101 FOURTH AVENUE, SUITE 1030
SEATTLE, WASHINGTON 98121
(206) 727-4000

3.4     Defendant George W. Rutten breached his duty of care and his duty to act reasonably by, among other things, failing to slow for traffic ahead.

3.5     Defendant George W. Rutten breached his duty of care and his duty to act reasonably by, among other things, failing to exercise ordinary care and causing a collision with the plaintiff's vehicle.

3.6     As a result of this defendant's negligent conduct, Plaintiff was injured, suffered, and continues to suffer, physical disability and pain, emotional trauma, medical expenses, loss of earnings and earning capacity, loss of consortium, property damage and other damages.

### IV. CAUSE OF ACTION – VICARIOUS LIABILITY

4.1     Plaintiffs re-allege the allegations set forth in Sections I through III, and incorporates them as though fully set forth herein.

4.2     Defendant United States of America is vicariously liable for the negligent, grossly negligent and reckless acts and omissions committed by Defendant Rutten committed within the scope of his employment with a federal government agency pursuant to the Federal Employees Liability Reform and Tort Compensation Act of 1988.

4.3     As a result of the federal authority described herein, the United States of America is liable to Plaintiffs for injuries and damages caused by a negligent government employee acting within the scope of his position, both past and future, including without limitation, property damage, medical expenses, lost earnings, pain, suffering, disability, loss of enjoyment, loss of consortium and other damages.

///

COMPLAINT FOR DAMAGES
PAGE - 4

DAVIS LAW GROUP, P.S.
2101 FOURTH AVENUE, SUITE 1030
SEATTLE, WASHINGTON 98121
(206) 727-4000

## V. NO CONTRIBUTORY NEGLIGENCE/COMPARATIVE FAULT

5.1 The damages suffered by Plaintiffs were not caused by any fault, carelessness, or negligence on their part, but were caused solely and proximately by the tortious acts and/or omissions of Defendants.

5.2 There are no other entities which caused or contributed to Plaintiffs' injuries or damages.

WHEREFORE, Plaintiffs pray for judgment against Defendants, jointly and severally, as follows:

1. For all damages sustained by Plaintiffs in an amount proven at trial, up to $5,006,053.00, including past and future medical expenses and other health care expenses, pain and suffering, both mental and physical, past and future permanent partial disability and disfigurement, loss of enjoyment of life, loss of consortium, damages to property, past and future special damages, and other damages;

2. Interest calculated at the maximum amount allowable by law, including post-judgment interest;

3. A reasonable attorney's fee as allowed by law;

4. Costs and disbursements pursuant to statute; and

5. Other and further relief as this Court may deem just and equitable.

///

///

///

COMPLAINT FOR DAMAGES
PAGE - 5

DAVIS LAW GROUP, P.S.
2101 FOURTH AVENUE, SUITE 1030
SEATTLE, WASHINGTON 98121
(206) 727-4000

1 | Dated this 1st day of June, 2021.

2 | **DAVIS LAW GROUP, P.S.**

4 | __s/MARIDITH E. RAMSEY__
5 | By: Christopher M. Davis, WSBA No. 23234
　　By: Maridith E. Ramsey WSBA No. 46266
6 | Attorneys for Plaintiff
　　Davis Law Group, P.S.
7 | 2101 Fourth Ave., Ste. 1030
　　Seattle, WA  98121
8 | Tel: (206) 727-4000
9 | Email:  chris@davislawgroupseattle.com
　　Email:  maridith@davislawgroupseattle.com

COMPLAINT FOR DAMAGES
PAGE - 6

**DAVIS LAW GROUP, P.S.**
2101 FOURTH AVENUE, SUITE 1030
SEATTLE, WASHINGTON 98121
(206) 727-4000