UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHARLES J. VERKIST, et al.,<br><br>　　　　　　　　Plaintiffs,<br>　　v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>　　　　　　　　Defendants. | CASE NO. C21-0721JLR-DWC<br><br>ORDER GRANTING MOTION FOR PARTIAL SUMMARY JUDGMENT |

## I.　INTRODUCTION

Before the court is Plaintiffs Charles J. Verkist and Lori J. Verkist's (collectively, "Plaintiffs") motion for partial summary judgment on three affirmative defenses pleaded by Defendant the United States of America ("United States"). (Mot. (Dkt. # 30); Reply (Dkt. # 33).) The United States does not oppose Plaintiffs' motion with respect to two of its affirmative defenses but asks the court to deny Plaintiffs' motion with respect to the third defense. (Resp. (Dkt. # 31).) The court has considered the motion, all materials

ORDER - 1

submitted in support of and in opposition to the motion, the relevant portions of the record, and the governing law. Being fully advised,[1] the court GRANTS Plaintiffs' motion for partial summary judgment.

## II.   BACKGROUND

This case arises from a motor vehicle collision on November 28, 2018, in Bellingham, Washington. (*See generally* Compl. (Dkt. # 1).) On that date, Defendant George W. Rutten, an Assistant Special Agent in Charge at the Homeland Security Investigations office in Blaine, Washington, was driving a government-owned vehicle when he rear-ended Mr. Verkist's vehicle. (Ramsey Decl. (Dkt. # 30-2) ¶ 11, Ex. 1 ("Rutten Statement"); *id.* ¶ 11, Ex. 2 (Department of Homeland Security Report of Investigation ("DHS Report").) Mr. Rutten later acknowledged in a statement that he had been distracted and did not notice that Mr. Verkist's vehicle had stopped in front of him. (Rutten Statement; *see also* Ramsey Decl. ¶ 11, Ex. 3 (State of Washington Police Traffic Collision Report, attributing the accident to "driver inattention").) After the accident, Mr. Verkist complained of back and neck pain and was transported by emergency medical services to St. Joseph's Hospital in Bellingham. (DHS Report.)

Plaintiffs filed their complaint against the United States, Mr. Rutten, and Mr. Rutten's marital community on June 1, 2021. (Compl. at 1.) They assert a negligence claim against Mr. Rutten and a claim for vicarious liability against the United States. (*Id.*

---

[1] Neither party requests oral argument on the motion (*see* Mot. at 1; Resp. at 1), and the concludes that oral argument would not be helpful to its disposition of the motion, *see* Local Rules W.D. Wash. LCR 7(b)(4).

¶¶ 3.1-4.3.) The United States filed its answer on August 16, 2021, and asserted ten affirmative defenses. (Ans. (Dkt. # 9).) The Clerk granted Plaintiffs' motion for entry of default against Mr. Rutten on September 16, 2021. (Default Order (Dkt. # 22).) Plaintiffs filed the instant motion for partial summary judgment on October 25, 2022. (Mot.)

### III. ANALYSIS

Plaintiffs move for summary judgment on three of the United States' affirmative defenses: (1) affirmative defense number 1, in which the United States asserts that Plaintiffs failed to state a claim upon which relief could be granted (Mot. at 6; *see* Ans. at 4, ¶ 1); (2) affirmative defense number 2, in which the United States asserts that it "complied with any duties of care it may have owed Plaintiffs under Washington state law" (Mot. at 7-8; *see* Ans. at 4, ¶ 2); and (3) affirmative defense number 4, in which the United States asserts that "Plaintiffs' recovery in this case is barred by the Washington law on comparative negligence" (Mot. at 8; *see* Ans. at 4, ¶ 4).

The United States responds that it does not contest liability for the November 28, 2018 collision after conducting an independent investigation, and, as a result, it does not provide a "substantive response" to Plaintiffs' motion for summary judgment on affirmative defenses numbers 1 and 2. (Resp. at 1-2.) Because the United States expressly does not oppose Plaintiffs' motion as to affirmative defenses numbers 1 and 2, the court GRANTS Plaintiffs' motion for summary judgment regarding those defenses. The United States asks the court, however, to deny Plaintiffs' motion with respect to affirmative defense number 4 pursuant to Federal Rule of Civil Procedure 56(d). Below,

the court sets forth the standards of review for motions for summary judgment and for denial of such motions under Rule 56(d), then evaluates Plaintiffs' motion for summary judgment regarding the United States' comparative negligence affirmative defense.

**A.     Standards of Review**

Under Rule 56 of the Federal Rules of Civil Procedure, either "party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought." Fed. R. Civ. P. 56. Summary judgment is appropriate if the evidence, when viewed in the light most favorable to the nonmoving party, demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id.*; *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if it "might affect the outcome of the suit under the governing law." *Id.*

The moving party bears the initial burden of showing that there is no genuine dispute of material fact and that it is entitled to prevail as a matter of law. *Celotex*, 477 U.S. at 323. If the moving party does not bear the ultimate burden of persuasion at trial, it nevertheless "has both the initial burden of production and the ultimate burden of persuasion on a motion for summary judgment." *Nissan Fire & Marine Ins. Co. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000). "In order to carry its burden of production, the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not

have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Id.* If the moving party meets its burden of production, the burden then shifts to the nonmoving party to identify specific facts from which a factfinder could reasonably find in the nonmoving party's favor. *Celotex*, 477 U.S. at 324; *Anderson*, 477 U.S. at 250. "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).

Under Rule 56(d), if the nonmoving party "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). To prevail on a Rule 56(d) motion, the party opposing summary judgment "must make '(a) a timely application which (b) specifically identifies (c) relevant information, (d) where there is some basis for believing that the information sought actually exists.'" *Emps. Teamsters Loc. Nos. 175 & 505 Pension Tr. Fund v. Clorox Co.*, 353 F.3d 1125, 1129 (9th Cir. 2004) (quoting *VISA Int'l Serv. Ass'n v. Bankcard Holders of Am.*, 784 F.2d 1472, 1475 (9th Cir. 1986)). Unless the party requesting a continuance "has not diligently pursued discovery of the evidence," its request "should be granted almost as a matter of course." *Burlington N. Santa Fe R.R. Co. v. The Assiniboine & Sioux Tribes of the Fort Peck Reservation*, 323 F.3d 767, 773-74 (9th Cir. 2003) (internal quotation marks and citations omitted).

**B.      Plaintiffs' Motion for Summary Judgment on Affirmative Defense Number 4**

Plaintiffs assert that they are entitled to summary judgment on the United States' comparative negligence affirmative defense because there is no evidence that Mr. Verkist's own negligence contributed to the November 28, 2018 accident.  (Mot. at 8.) The United States responds that although it "does not seek additional discovery on comparative fault relating to the cause of the motor vehicle accident," granting summary judgment on affirmative defense number 4 "would preclude [it] from presenting evidence of any other type of comparative fault, including on failure to mitigate damages."  (Resp. at 2-3.)  In reply, Plaintiffs urge the court to (1) grant their motion on the comparative negligence defense as unopposed and (2) reserve any ruling on the United States' failure to mitigate defense.  (Reply at 1-3.)

Under Washington's contributory fault statute, "any contributory fault chargeable to the claimant diminishes proportionately the amount of compensatory damages for an injury attributable to the claimant's contributory fault."  RCW 4.22.005.  Contributory negligence[2] and failure to mitigate damages are two theories of contributory fault. *Jaeger v. Cleaver Const., Inc.*, 201 P.3d 1028, 1036 (Wash. Ct. App. 2009); RCW 4.22.015 (defining "fault" as "acts or omissions . . . that are in any measure negligent or reckless toward the person or property of the actor or others," including an "unreasonable

---

[2] Although the parties refer to "comparative negligence" in their pleadings, the defense is more correctly referred to as "contributory negligence."  *See* 16 DeWolf & Allen, Washington Practice: Tort Law and Practice § 9.2 (5th ed.) (explaining that (1) the legislature replaced the former "comparative negligence" statute with the "contributory fault" statute, RCW 4.22.005, in 1981, and (2) contributory negligence is one aspect of contributory fault).

failure to avoid an injury or to mitigate damages"); *Taylor v. Intuitive Surgical, Inc.*, 389 P.3d 517, 530 (Wash. 2017) (noting that failure to mitigate damages is included in the forms of "fault" to be considered under RCW 4.22.005).

The contributory negligence defense requires the defendant to show that the plaintiff "breached a duty that proximately caused the harms of which he suffers." *Lane v. Micro-Focus (US), Inc.*, No. C09-1363MJP, 2010 WL 5018146, at *3 (W.D. Wash. Dec. 3, 2010) (citing Wash. Pattern Jury Instr. § 11.01). "The inquiry is whether or not [the plaintiff] exercised that reasonable care for his own safety which a reasonable man would have used under the existing facts and circumstances, and, if not, was his conduct a legally contributing cause of his injury." *Rosendahl v. Lesourd Methodist Church*, 412 P.2d 109, 110 (Wash. 1966) (quoting *Heinlein v. Martin Miller Orchards, Inc.*, 242 P.2d 1054, 1056 (Wash. 1952)). The failure to mitigate damages defense, meanwhile, "prevents recovery for those damages the injured party could have avoided by reasonable efforts taken after the wrong was committed." *Pub. Util. Dist. No. 2 of Pac. Cty. v. Comcast of Wash. IV, Inc.*, 336 P.3d 65, 76 (Wash. Ct. App. 2014) (quoting *Bernsen v. Big Bend Elec. Coop., Inc.*, 842 P.2d 1047, 1051 (Wash. Ct. App. 1993)).

Here, Plaintiffs point to Mr. Rutter's statement as proof that Mr. Rutter was solely responsible for the November 28, 2018 collision, and they assert that there is no evidence that Mr. Verkist's own negligence contributed to the accident. (Mot. at 8 (citing Rutter Statement).) The United States has not directed the court to any evidence to support a finding that that Mr. Verkist was contributorily negligent, and it concedes that it does not seek additional discovery relating to the cause of the November 28, 2018 collision. (*See*

*generally* Resp.) Instead, the United States asks the court to allow it to conduct discovery on "comparative fault issues unrelated to the cause of the accident," such as Mr. Verkist's efforts to seek appropriate treatment and to mitigate lost wages and earning capacity. (*Id.* at 3-4; *see also* Passmore Decl. (Dkt. # 32) ¶¶ 2-5 (describing the additional discovery the United States seeks to conduct in this case).)

The court concludes that the United States (1) has not met its burden on summary judgment to produce evidence that Mr. Verkist failed to exercise reasonable care for his own safety or that his failure to do so was a contributing cause of the November 28, 2018 collision, *see Rosendahl*, 412 P.2d at 110, and (2) has not met its burden under Rule 56(d) to identify relevant evidence that it anticipates receiving in discovery related to Mr. Verkist's contributory negligence, *see Emps. Teamsters Loc. Nos. 175 & 505*, 353 F.3d at 1129. Therefore, the court GRANTS Plaintiffs' motion for summary judgment on the United States' "comparative negligence" affirmative defense. The court's ruling is limited only to the contributory negligence theory of contributory fault and does not bar the United States from pleading and pursuing other theories of contributory fault.

## IV. CONCLUSION

For the foregoing reasons, the court GRANTS Plaintiffs' motion for partial summary judgment (Dkt. # 30) on the United States' affirmative defenses numbers 1, 2, and 4.

//

//

//

ORDER - 8

Dated this 12th day of December, 2022.

_____
JAMES L. ROBART
United States District Judge

ORDER - 9