1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10  CHARLES J. VERKIST, et al.,

11              Plaintiffs,
        v.
12

13  UNITED STATES OF AMERICA,
    et al.,
14
                Defendants.

CASE NO. C21-0721JLR-DWC

ORDER DENYING STIPULATED
MOTION TO EXTEND
PRETRIAL DEADLINES

15

16  Before the court is the parties' stipulated motion for an extension of certain

17  pretrial deadlines. (Mot. (Dkt. # 35).) Specifically, the parties ask the court to extend the

18  deadline for disclosure of expert testimony from March 27, 2023 to June 12, 2023; the

19  discovery motions deadline from April 26, 2023 to July 12, 2023; the discovery deadline

20  from May 26, 2023 to August 11, 2023; and the deadline for dispositive motions and

21  motions challenging expert witness testimony from June 27, 2023 to August 11, 2023.

22  (*Id.*)  They explain that they need these extensions because one of the two Plaintiffs has

ORDER - 1

experienced an unanticipated medical complication that has interfered with Plaintiffs' ability to participate in discovery "for a significant period of time." (*Id.*)  The new dates will allow Plaintiffs to "reengage" in expert discovery, enable the parties and their experts to collect and evaluate the medical records related to the Plaintiff's medical condition, and provide an opportunity to conduct depositions before the close of discovery. (*Id.*)  The parties do not ask the court to continue the November 6, 2023 trial date or any other pretrial deadlines. (*Id.*; *see* Sched. Order (Dkt. # 29).)

Pursuant to Federal Rule of Civil Procedure 16(b)(4), "[a] schedule may only be modified for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Although the court concludes that the Plaintiff's medical condition provides good cause that would otherwise justify an extension of deadlines, the court DENIES the parties' stipulated motion.

The court issues scheduling orders setting trial and related dates to provide a reasonable schedule for the resolution of disputes.  Extensions of the deadline to complete discovery imperil the parties' ability to timely prepare their dispositive motions. Extensions of the deadline for dispositive motions and motions challenging expert testimony, meanwhile, cut short the time the court has allocated to itself to decide the motions early enough for the parties to consider the court's rulings and plan accordingly for trial or for an alternative resolution.  The court will not, therefore, extend the discovery and dispositive motions deadlines without also continuing the trial date.

Because its trial calendar is very active in late 2023 and early 2024, the court cannot offer the parties a short continuance of the trial date to accommodate their request

for additional time to complete discovery. The court is willing, however, to consider moving the parties' trial date to the end of its trial calendar and resetting all unexpired pretrial deadlines in accordance with the new trial date. The parties should be aware that the court is presently scheduling trials in the summer of 2024. If the parties wish to seek this relief, they should file a stipulated motion to that effect.

Dated this 21st day of February, 2023.

JAMES L. ROBART
United States District Judge

ORDER - 3